UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMARK WILLIAMS,

                Plaintiff,

-against-

POLICE OFFICER LUIS A. SEGURA, P.O. AMANDY FELIZ, and P.O. DARIO ALBANLUDENA,

                Defendants.

Case No. 1:23-cv-02936 (JLR) (HJR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Defendants City of New York, Luis A. Segura, and Osvaldo J. Garcia previously moved for summary judgment seeking dismissal of Plaintiff's claims for false arrest, malicious prosecution, and excessive force arising from Plaintiff's August 27, 2020 arrest. Dkt. 43. On August 15, 2025, the Court denied the motion for summary judgment in part and granted it in part, dismissing the excessive force, malicious prosecution, false arrest, and *Monell* claims against the City of New York and Garcia. *See Williams v. City of New York* (*Williams I*), No. 23-cv-02936 (JLR), 2025 WL 2381569, at *20 (S.D.N.Y. Aug. 15, 2025). The Court also directed Plaintiff to inform the Court by September 2, 2025, whether he wished to proceed with his claims against Defendants Amandy Feliz and Dario Albanludena, who had not yet been served by the Marshals. *See id.* On August 29, 2025, Plaintiff informed the Court that he wished to proceed with his claims against these two Defendants. Dkt. 75.

    Defendant Segura, the only defendant remaining in the case other than Amandy and Albanludena, now moves for partial reconsideration of the portion of *Williams I* that did not dismiss the claims against Feliz and Albanludena and permitted Plaintiff the opportunity to inform the Court whether he wished to proceed with his claims against them. Dkt. 86; Dkt. 87 ("Br."). Plaintiff opposes the motion. Dkt. 88 ("Opp."); Dkt. 89 ("Supp. Opp."); Dkt. 90 ("Pl.

Letter"). The Court assumes the parties' familiarity with the facts of this case as set forth in detail in *Williams I*. For the reasons that follow, Segura's motion is DENIED.

## LEGAL STANDARD

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Columbo v. Philips Bryant Park LLC*, No. 22-cv-00775 (RA), 2025 WL 1043685, at *1 (S.D.N.Y. Apr. 8, 2025) (quoting *Eckhart v. Fox News Network, LLC*, No. 20-cv-05593 (RA), 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022)). "A court will grant reconsideration when a movant demonstrates 'an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

Where, as here, a *pro se* litigant is involved, the Court "liberally construe[s] [their] pleadings and briefs . . . , reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

## DISCUSSION[1]

Segura asks the Court to reconsider the portion of its opinion and order in *Williams I* permitting Plaintiff leave to proceed with his claims against Feliz and Albanludena. *See generally* Br. Segura has not identified "an intervening change of controlling law" or "the availability of new evidence" and appears to urge the Court to reconsider its prior decision to "correct clear error or prevent manifest injustice." *Columbo*, 2025 WL 1043685, at *1 (citation omitted); *see* Br. at 4 ("[A]llowing the substantively deficient claims against these unserved officers to proceed at this juncture will be unduly prejudicial."). "A district court commits clear error when a reviewing court would be 'left with the definite and firm conviction that a mistake has been committed,'" *Eckhart*, 2022 WL 4579121, at *1 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)), and "[o]n 'a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable,'" *Jackson-Mau v. Walgreen Co.*, No. 18-cv-04868 (FB) (TAM), 2023 WL 2771635, at *1 (E.D.N.Y. Apr. 4, 2023) (quoting *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013)), *aff'd*, 115 F.4th 121 (2d Cir. 2024). Specifically, Segura argues reconsideration is warranted because (1) Plaintiff was not diligent about service, Br. at 4-7; (2) allowing Plaintiff to proceed would be unduly prejudicial, *id.* at 8-10; and (3) Plaintiff has not

---

[1] While Plaintiff has filed a notice of interlocutory appeal from *Williams I*, Dkt. 72, that appeal was taken from a nonfinal order that had not been certified for an interlocutory appeal, nor did the Court's opinion and order state that it "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as required for such an application, 28 U.S.C. § 1292(b). The Court previously declined to construe Plaintiff's filing of his notice of appeal as an application to file an interlocutory appeal since it was untimely, and thus the Court retains jurisdiction over this case. *See* Dkt. 73 at 2 n.1; *Masri v. Liebowitz*, No. 24-cv-01284 (LTS), 2024 WL 3606233, at *3 (S.D.N.Y. July 29, 2024).

stated a claim against Feliz and Albanludena and thus allowing claims to proceed against them would be futile, *id.* at 7-8.

Here, reconsideration is not appropriate to correct a clear error or prevent manifest injustice. To start, the Court does not agree that Plaintiff was not diligent about serving Amandy and Albanludena. Under Federal Rule of Civil Procedure ("Rule") 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "In determining whether a plaintiff has shown good cause, courts generally consider two factors: '(1) the reasonableness and diligence of [p]laintiff's efforts to serve, and (2) the prejudice to the [defendants] from the delay.'" *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008)). The Second Circuit has also held that "district courts have discretion to grant extensions, and may do so even in the absence of 'good cause.'" *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (quoting *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

Plaintiff did make reasonable efforts to serve defendants because he is entitled to service by the Marshals given his *in forma pauperis* status, and the Court had not yet directed service on Feliz and Albanludena. Here, the Court's Order of Service informed Plaintiff that once he "filed an amended complaint, the Court [would] screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service." Dkt. 7 at 3. The Order also noted that if the complaint was "not served

4

within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service." *Id.* at 2.  Plaintiff did so, Dkt. 10, but because the City had not yet identified the John Doe Defendants, the Magistrate Judge overseeing this case decided that Plaintiff's "application for an extension [was] premature." Dkt. 11.  The Marshals timely served the City and the named Individual Defendants.  Dkts. 13, 15, 16.  After Plaintiff filed the Amended Complaint naming additional defendants Feliz and Albanludena, *see* Dkt. 19, the Court did not direct service on Feliz and Albanludena.  Thus, the Court finds no clear error in the exercise of its discretion in granting Plaintiff additional time to serve those defendants.  *Williams I*, 2025 WL 2381569, at *20.

This case differs from *Meilleur v. Strong*, cited by Segura, where the plaintiff's claims were dismissed because he failed to appropriately inform the court of his belated service efforts. 682 F.3d 56, 60, 63 (2d Cir. 2012); *see* Br. at 5.  Moreover, *Meilleur* is not a sound basis for finding clear error here since the Second Circuit recognized that dismissal for failure to timely serve was "harsh" and that it "might well have exercised discretion differently were it for [it] to decide in the first instance." *Id.* at 63.[2]

Segura unconvincingly argues that "Plaintiff ignored repeated notice from Defendants regarding the lack of service." Br. at 5.  But Defendants raised Plaintiff's failure to serve Feliz and Albanludena only twice and only in footnotes, well after Plaintiff filed his Amended Complaint on August 19, 2023, Dkt. 19, and the time to serve had elapsed.  *See* Dkt. 37 at 1 n.1 (September 13, 2024 letter requesting a pre-motion conference); Dkt. 46 at 1 n.2 (December 20,

---

[2] *Moss v. Bd. of Educ.*, No. 19-cv-02195 (JS) (ARL), 2020 U.S. Dist. LEXIS 183462 (E.D.N.Y. Sept. 30, 2020), cited by Segura, is also unpersuasive because it involved a counseled plaintiff, the plaintiff admitted that he incorrectly served the defendants, and the defendants promptly raised service deficiencies both immediately following removal and in their motion to dismiss. *See id.* at *21-22, *25-26.

2024 Rule 56.1 statement).  Defendants never moved to dismiss Feliz and Albanludena pursuant to Rule 4(m) or 12(b)(6).  Indeed, "a district court abuses its discretion" in the Rule 4(m) context "when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service."  *Meilleur*, 682 F.3d at 61.  Thus, the Court did not clearly err in concluding, in its discretion, that there was good cause for Plaintiff's service delays.

Furthermore, any prejudice to Feliz and Albanludena is minimal.  Segura argues that Feliz and Albanludena will suffer prejudice because significant time has elapsed since the case was filed and evidence may have been lost.  Br. at 6.  Like the earlier named defendants, Feliz and Albanludena are employees of New York City.  The discovery and legal arguments that have been gathered and presented thus far can be brought to bear on any claims against them.  Judicial economy interests also favor an ultimate adjudication of the case against all defendants.

In addition to the decisions cited in the Court's prior ruling, *see Williams I*, 2025 WL 2381569, at *20, *Tabb v. Rosemary*, No. 12-cv-01520 (PAE), 2014 WL 240266 (S.D.N.Y. Jan. 22, 2014), is instructive.  After resolving a motion for summary judgment, the court in *Tabb* declined to dismiss the claims against unserved officers.  *Id.* at *6.  Even though the plaintiff had not shown good cause, *id.*, the court explained that "[t]he interest in judicial economy favored granting [the plaintiff] an extension of time to serve the[] defendants, so that his excessive force claim against all four defendants [could] be resolved in the same proceeding."  *Id.* at *7.  The court noted that the unserved defendants suffered minimal prejudice given that the defendants' employer, the New York City Department of Corrections, was at all times aware of the charges against them, and the defendants would "presumably be represented by common counsel," the New York City Law Department.  *Id.*  Here too, the Court sees little, if any, prejudice in

6

permitting Plaintiff to proceed with his claims against Feliz and Albanludena for the same reasons articulated in *Tabb* and in *Williams I*.

Finally, with respect to Segura's argument that Plaintiff has not stated a claim against Feliz and Albanludena because such a claim would be futile, Br. at 7-8, Segura and the other Defendants never made such an argument in connection with their motion for summary judgment. Instead, in a footnote in their Rule 56.1 statement, they posit that Feliz and Albanludena were not proper defendants only because they were never served with the summons and the complaint. Dkt. 46 at 1 n.2. But "[a] motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced.'" *Cooper v. City of New York*, No. 10-cv-05636 (SAS), 2012 WL 92343, at *1 (S.D.N.Y. Jan 11, 2012) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Segura's arguments that the Amended Complaint does not state a claim against Feliz and Albanludena, or that the record does not support their personal involvement, may be strong arguments, but they are best adjudicated through a dispositive motion that can be filed by Feliz and Albanludena and are not properly presented in the instant motion for reconsideration.

At bottom, Segura has not persuaded the Court that it erred, let alone clear erred, in the exercise of its discretion to permit Plaintiff to proceed with claims against Feliz and Albanludena. Nor would the Court's exercise of discretion cause a manifest injustice against Feliz and Albanludena. As a result, Segura cannot satisfy the "strict standard" for a motion for reconsideration based on clear error or manifest injustice, *S.E.C. v. Stewart*, No. 98-cv-02636 (LAP), 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024), and the motion for partial reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the motion for partial reconsideration is DENIED. The Court will direct service by the Marshals on Feliz and Albanludena by separate order. Within thirty days of service, Feliz and Albanludena shall inform the Court whether they intend to file any dispositive motions.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 75 and 86.

Dated: October 14, 2025
      New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                      United States District Judge